## 30883. HOME FEDERAL SAVINGS & LOAN ASSOCIATION et al. v. COBB et al.

UNDERCOFLER, Presiding Justice.

L. S. Cobb is receiver for Jeanette C. Bradley and Hugh C. Bradley, formerly husband and wife. Cobb contracted to sell the house and lot of the Bradleys to Merry L. McCleskey. On December 17, 1974, the court confirmed the contract. On January 15, 1975, the sale was closed. At that time it was known by the parties that Hugh C. Bradley was occupying the property. Cobb and McCleskey entered into an escrow agreement which provided that the documents of the sale would be held until Bradley had vacated the property and McCleskey was in possession. On the afternoon of January 22, 1975, Bradley was instructed to vacate the property or he would be evicted by court order. That night the residence was extensively damaged by fire. On demand of McCleskey the escrow agent returned all deeds, documents and checks issued at the closing to the respective parties. Thereafter Cobb brought the present action against all parties including their insurance carriers to declare if the sale of the property to McCleskey had been completed at the closing on January 15, 1975. The trial court found that Cobb had no authority to enter into an escrow agreement and the sale to McCleskey was completed on January 15, 1975. McCleskey, her purported mortgagee, Home Federal Savings & Loan Association, and her purported insurance carrier, First of Georgia Insurance Company, appeal. *Held:*

1. The sales contract between the receiver and McCleskey does not provide for an escrow nor does the court's order approving the contract. Therefore we must agree that the receiver had no authority to enter into an escrow agreement. However, if the receiver breached his instructions and authority in this regard he breached other conditions of the sales contract approved by the court. For instance, among other things the sales contract provided the sale be closed on January 5, 1975; that possession of the premises shall be granted no later than the day of closing; that the seller should satisfy objections to the title; that papers necessary to carry out the terms of

the contract be executed and delivered; and that if the premises are substantially damaged before the contract is consummated the purchaser can cancel. The court's approval of the sales contract was signed December 17, 1974. At that time Hugh C. Bradley was in possession of the property and it was not known whether he would appeal the order. The thirty days allowed for appeal would extend beyond the date of January 5, 1975, on which the closing was ordered. The law required the receiver to deliver the purchaser possession of the property. Code § 39-1309. Therefore the title insurance company issued its title binder on three conditions, namely, (1) that the appeal period from the December 17, 1974, order approving the sale had expired, (2) that Hugh C. Bradley had vacated the premises, and (3) that the purchaser was in possession and living in said property. Construing the court's order strictly the receiver had no authority to close this sale on January 15, 1975, and under the circumstances here could not close the sale except in escrow. That is exactly what he did. As a matter of fact the receiver executed his affidavit at the closing that his possession was peaceable and undisturbed and that the purchaser was relying on this statement in purchasing the property. In fact, the receiver and the purchaser knew this was incorrect. In our opinion the purchaser may insist upon a strict compliance with the court's order as well as the receiver. Both recognized the sale could not be completed on January 15, 1975, under the court's order. They attempted to close it in escrow. This was not authorized nor was the sale, and the entire transaction is void.

2. We do not rule upon the other enumerations of error because the issues are moot under our ruling in Division 1 or involve motions not ruled upon by the trial court.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 15, 1976 — DECIDED APRIL 20, 1976.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr., Paul D. Hermann, Candler, Cox, Andrews & Hansen,*

*Edward Andrews, Holcomb & McDuff, Frank D. Holcomb,* for appellants.

*Cobb & Ivester, L. S. Cobb, Fred J. Ivester, Robert S. Whitelaw, Max Kaley, Griffin, Sellers & Josie, Guy Gebhardt, Lokey & Bowden, Charles M. Lokey, Downey, Cleveland & Moore, Robert H. Cleveland,* for appellees.